IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAREE JALON JACKSON,<br><br>Defendant. | CRIMINAL ACTION NO.:<br><br>1:20-cr-302-ELR-JKL |

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. On December 8, 2020, the Court entered an order granting Defendant Jaree Jalon Jackson's Motion for Psychiatric Exam to determine his competency to stand trial, and committed him to the custody of the Attorney General for a mental competency evaluation. [Doc. 20.] On April 23, 2021, the Court received a report from forensic psychologist, Lisa B. Feldman, Ph.D., regarding Defendant's abilities to understand the nature and consequence of the proceedings against him and to properly assist in his defense ("the Forensic Report"). [Doc. 39.] After receiving the Forensic Report, defense counsel and counsel for the government advised the Court that no hearing on Mr. Jackson's competency was necessary at this time.

After reviewing the Forensic Report myself, I too conclude that Mr. Jackson is presently capable of understanding the charges against him and meaningfully assisting with his attorneys about his defense.  Therefore, I **RECOMMEND** that the Court find that Mr. Jackson is competent to stand trial and proceed with this case.

### I.     Background

On August 11, 2020, a grand jury seated in this district returned a single count indictment against Mr. Jackson charging him with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(2). [Doc. 1.]  On October 14, 2020, Magistrate Judge Christopher C. Bly arraigned Mr. Jackson and assigned the case to Magistrate Judge Justin S. Anand for pretrial purposes.  [Doc. 9.]  On October 16, 2020, counsel for Mr. Jackson moved for a pre-trial psychological evaluation of Mr. Jackson.  [Doc. 11.]  As discussed, Judge Anand entered an order granting the motion on December 8, 2020, and committed Mr. Jackson to the custody of the Bureau of Prisons for an examination pursuant to 18 U.S.C. § 4241.  [Doc. 20.]  Mr. Jackson was thereafter transferred to Federal Detention Center, Miami, Florida ("FDC-Miami") for evaluation.  In the meantime, Judge Anand recused from this case and it was assigned to the undersigned for pretrial purposes.  [Doc. 35.]

At FDC-Miami, Dr. Feldman evaluated Mr. Jackson's competency from February to April 2021. [*See* Dop. 39.] Dr. Feldman conducted a clinic interview of Mr. Jackson, performed a mental status examination, administered numerous psychological tests,[1] and reviewed Mr. Jackson's past mental health records, pleadings in this case, and Mr. Jackson's monitored telephone conversations and email while at FDC-Miami. [*Id.* at 2-3.] Dr. Feldman diagnosed him with cannabis use disorder, in a controlled environment; malingering; and antisocial personality disorder. [*Id.* at 8.] She also found that his mental state was "relatively stable as there is no evidence of an active phase of a serious mental illness." [*Id.* at 10.]

Dr. Feldman concluded that Mr. Jackson is not suffering from a mental condition that would prevent him from proceeding competently to trial. She summarized her opinion as follows:

> The tests for competency are designed to assess the defendant in several areas of courtroom proceedings. These include testing his ability to understand the charges against him, his ability to assist defense counsel, and his ability to understand courtroom proceedings.
>
> A careful review of the defendant's general court knowledge revealed a sufficient factual and rational understanding of the legal

---

[1] Including the Wechsler Abbreviated Scale of Intelligence, Second Edition; the Validity Indicator Profile; Minnesota Multiphasic Personality Inventory, 2nd Restructured Form; Inventory of Legal Knowledge; and Evaluation of Competency to Stand Trial, Revised. [*Id.* at 2-3.]

process. Mr. Jackson accurately identified the charges against him, indicating that he is charged with "a gun, being caught with a gun." The defendant cited one of the correct statutes for this offense, "922." The defendant also verbalized an understanding of the roles of courtroom personnel. He stated that the judge determines whether you are guilty and "gives me time." While Mr. Jackson claimed that he did not know the meaning of the jury, he responded appropriately to psychoeducation of the explanation of the jury. Mr. Jackson stated that the role of the defense attorney is "to get me home, to defend me." He added that the defense attorney "talks to the judge for you." Mr. Jackson exhibited an understanding of the adversarial nature of the courtroom proceedings by stating that the prosecutor's role is "to find you guilty, give me time."

Throughout the evaluation period, the defendant did not exhibit any impairment regarding his understanding of the nature of the attorney-client relationship, his capacity to communicate and to relate effectively with defense counsel, or in his capacity to make decisions related to the courtroom process. The defendant verbalized clear and coherent explanations regarding his decision-making process related to settling future disagreements with his attorney, as well as, whether or not to accept a plea agreement in his case.

The defendant was administered a measure of response style for legal knowledge related to competency to stand trial ([using the Inventory of Legal Knowledge]), although this is not a direct measure of competency to stand trial. The total score in this measure is interpreted within the context of two strategies for the detection of feigned deficits in legal knowledge. The first strategy involves the comparison of chance levels of responding within the dichotomous format of the test; while the second strategy compares the examinee's score with that of relevant reference groups (i.e., adult competency examinee sample). The defendant's performance on this test did not provide any evidence that he feigned deficits in legal knowledge. Mr. Jackson was also administered the [Evaluation of Competency to Stand Trial-Revised ("ECST-R")], a

> semi-structured interview designed to assess psycholegal domains relevant to the legal standard for competency to stand trial. In addition, the ECST-R provides a systematic screening for feigned incompetency to stand trial. On this measure, the defendant's scores indicated evidence that he was feigning psychotic and nonpsychotic symptoms related to competency. In spite of this, Mr. Jackson evidenced an adequate overall level of factual and rational understanding of the courtroom proceedings and rational ability to consult with counsel on the ECST-R. More specifically, the defendant did not exhibit any impairment regarding his understanding of the nature of the attorney-client relationship or with his ability to communicate and to relate effectively with defense counsel. Mr. Jackson evidenced an adequate factual understanding of the legal proceedings, including the responsibilities of courtroom parties. Finally, the defendant displayed no impairment in his capacity to make decisions related to the courtroom process, including his ability to apply rational understanding to possible decisions at trial.
>
> Essential to the issue of competency to stand trial is whether or not a mental disease or defect is present and interfering with the defendant's ability to understand the charges against him, his ability to properly assist in his own defense, and the ability to understand the nature and consequences of the proceedings against him. The defendant does not currently suffer from any active mental illness that would interfere with his trial competency. Furthermore, Mr. Jackson demonstrates a factual and rational understanding of the charges against him, has an understanding of courtroom proceedings, and the capacity to assist his attorney in his own defense. Therefore, it is recommended that Mr. Jackson be found competent to proceed with his case.

[Doc. 39 at 10-12.]

After receiving the report, the parties advised the Court that no competency hearing would be needed in light of Dr. Feldman's findings.

## II.     Applicable Standard

The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent. *United States v. Dixon*, 901 F.3d 1322, 1341 (11th Cir. 2018).  The test is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal quotation marks omitted).  "[A] [defendant] raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence." *United States v. Bradley*, 644 F.3d 1213, 1268 (11th Cir. 2011).[2]

---

[2] There is an open question about whether the defendant or the government bears the overall burden of proof, *see United States v. Cheney*, No. CR417-002, 2017 WL 3929321, at *1 (S.D. Ga. Aug. 21, 2017), *report and recommendation adopted*, 2017 WL 3928936 (S.D. Ga. Sept. 7, 2017), and *United States v. Young*, No. 3:16-CR-6-TCB-RGV, 2016 WL 6405842, at *2 (N.D. Ga. Sept. 21, 2016), *report and recommendation adopted*, 2016 WL 6277663 (N.D. Ga. Oct. 26, 2016), but that question need not be answered in this case, where the evidence is not in equipoise, "'that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent,'" *see Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996) (quoting *Medina v. California*, 505 U.S. 437, 449 (1992)).

**III.  Discussion**

The only evidence that bears on Mr. Jackson's competency is Dr. Feldman's report, which I find to be thorough, well-supported, and well-reasoned.  No record evidence calls Dr. Feldman's findings into question.  Indeed, Defendant has explicitly advised the Court that he does not demand a competency hearing in light of Dr. Feldman's opinion.  I therefore follow the opinion of Dr. Feldman and respectfully recommend that the District Judge find Mr. Jackson competent to stand trial.[3]

---

[3] The Court may find Mr. Jackson competent without holding a competency hearing.  18 U.S.C. § 4241(a) provides that the Court shall hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  As noted, the parties do not request a competency hearing in light of Dr. Feldman's findings.  Even so, the court has an obligation to *sua sponte* hold a hearing if it has "reasonable cause" to believe that the defendant "may" be incompetent.  *United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir. 2015).  To determine whether information before it establishes a "bona fide doubt regarding the defendant's competence" the Court considers three factors: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding the defendant's competence to stand trial."  *Id.* (quotation marks and citation omitted).  None of those factors weighs in favor of finding that there is any bona fide doubt about Mr. Jackson's competence.  There is no evidence before the Court of irrational behavior, and there is no indication that any judge who observed his demeanor was concerned about his competency.  Further, the sole medical opinion of record indicates that Mr. Jackson is competent.  As a result, a competency hearing is not necessary under these circumstances.  *See United States v. Gillette*,

## IV.  Conclusion

In conclusion, it is **RECOMMENDED** that Mr. Jackson be found competent to stand trial, as he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

IT IS SO RECOMMENDED this 28th day of May, 2021.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

738 F.3d 63, 77 (3d Cir. 2013) (rejecting argument that § 4241 always contemplates that competency hearing be held where court has ordered a psychological evaluation); *United States v. Beckham*, No. 2:18-CR-50, 2019 WL 3326216, at *3 (S.D. Ga. July 2, 2019) (finding defendant competent without hearing where court-ordered psychological evaluation indicated defendant was competent and defendant did not persist in demand for competency hearing), *report and recommendation adopted*, 2019 WL 3323334 (S.D. Ga. July 24, 2019).