1

1          UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
2              ATLANTA DIVISION

3

4    UNITED STATES OF AMERICA

5
         -VS-                    DOCKET NO. 1:20-CR-00302-ELR-JKL
6

7    JAREE JALON JACKSON,

8
             DEFENDANT.
9

10

11          TRANSCRIPT OF PLEA PROCEEDINGS
         BEFORE THE HONORABLE ELEANOR L. ROSS
12            UNITED STATES DISTRICT JUDGE
               MARCH 23, 2022
13

14

15
     APPEARANCES:
16
     ON BEHALF OF THE GOVERNMENT:
17
         NOAH SCHECHTMAN, ESQ.
18       ASSISTANT UNITED STATES ATTORNEY

19   ON BEHALF OF THE DEFENDANT:

20       STEVEN H. SADOW, ESQ.
         DWIGHT L. THOMAS, ESQ.
21

22

23

24   ELIZABETH G. COHN, RMR, CRR
     OFFICIAL COURT REPORTER
25   UNITED STATES DISTRICT COURT
     ATLANTA, GEORGIA

2

1          (ATLANTA, FULTON COUNTY, GEORGIA; MARCH 23, 2022, AT

2    2:38 P.M. IN OPEN COURT.)

3          THE COURT:  THANK YOU, SIR.

4          THANK YOU.  GOOD AFTERNOON.  PLEASE BE SEATED.

5          ALL RIGHT.  I NOW CALL THE CASE OF THE UNITED STATES

6    OF AMERICA VERSUS MR. -- AND IS IT JAREE?

7          THE DEFENDANT:  YES, MA'AM.

8          THE COURT:  JAREE JACKSON.  THIS IS CASE 20-CR-302.

9          COUNSELOR FOR THE GOVERNMENT, PLEASE STATE YOUR NAME

10   FOR THE RECORD AND IDENTIFY WHOMEVER IS AT COUNSEL TABLE WITH

11   YOU, SIR.

12         MR. SCHECHTMAN:  GOOD AFTERNOON, YOUR HONOR.  NOAH

13   SCHECHTMAN FOR THE GOVERNMENT.  WITH ME AT COUNSEL TABLE IS

14   INVESTIGATOR WILLIAM KIMBALL MURDOCK.

15         THE COURT:  ALL RIGHT.  GOOD AFTERNOON TO BOTH OF

16   YOU.

17         AND, INVESTIGATOR MURDOCK, YOU ARE WITH WHICH AGENCY,

18   SIR?

19         INVESTIGATOR MURDOCK:  MA'AM, I AM NOW WITH THE BLUE

20   RIDGE JUDICIAL CIRCUIT.  I WAS FORMERLY WITH THE FBI TASK

21   FORCE.

22         THE COURT:  YES, SIR.  THANK YOU SO MUCH.

23         INVESTIGATOR MURDOCK:  YES, MA'AM.

24         THE COURT:  AND COUNSELOR FOR MR. JACKSON, OR BOTH,

25   EACH ATTORNEY -- AND MR. JACKSON, I NOTE, IS SITTING IN THE

1   COURTROOM -- PLEASE ANNOUNCE YOUR APPEARANCE, EACH OF YOU.

2          MR. SADOW:  GOOD AFTERNOON, YOUR HONOR.  STEVE SADOW

3   FOR THE DEFENDANT.

4          THE COURT:  GOOD AFTERNOON.

5          MR. THOMAS:  GOOD AFTERNOON, JUDGE ROSS.  DWIGHT

6   THOMAS FOR MR. JACKSON.

7          THE COURT:  ALL RIGHT.  GOOD AFTERNOON TO EACH OF

8   YOU.

9          AND GOOD AFTERNOON TO YOU, MR. JACKSON, SIR.

10          THE DEFENDANT:  GOOD AFTERNOON, MA'AM.

11          THE COURT:  ALL RIGHT.  AND, MR. SADOW, I DO

12   UNDERSTAND THAT MR. JACKSON WISHES TO ENTER A -- IS IT

13   NON-NEGOTIATED PLEA OR A NEGOTIATED PLEA?

14          MR. SADOW:  IT IS A NEGOTIATED PLEA WITH -- IT'S A

15   BINDING PLEA, SUBJECT TO YOUR ACCEPTANCE.

16          THE COURT:  ALL RIGHT.  SO LET ME JUST MAKE SURE THAT

17   I HAVE REVIEWED THE PLEA AGREEMENT.  I DO HAVE IT HERE.  AND

18   YOU SAY THAT IT IS A BINDING PLEA.  GOT IT.

19          AND THAT WOULD BE TO COUNT ONE OF THE INDICTMENT, IS

20   THAT CORRECT?

21          MR. SADOW:  THAT'S CORRECT, YOUR HONOR.

22          THE COURT:  I THINK IT'S ONLY A ONE-COUNT INDICTMENT.

23   THAT'S CORRECT.

24          OKAY.  MR. JACKSON, SIR, BEFORE I CAN ACCEPT YOUR

25   PLEA THIS AFTERNOON, THERE ARE SEVERAL THINGS THAT I WILL NEED

4

1    TO GO OVER WITH YOU.  I DO NEED TO MAKE SURE THAT YOU

2    UNDERSTAND THE CONDUCT BEING ALLEGED AGAINST YOU BY THE

3    GOVERNMENT AND ALSO THAT YOU UNDERSTAND AND APPRECIATE ALL OF

4    THE RIGHTS THAT YOU WILL BE WAIVING BY GIVING UP THIS -- BY

5    ENTERING A PLEA.

6            I'M SORRY.  MS. BECK, WERE YOU TRYING TO TELL ME

7    SOMETHING?

8            THE COURTROOM DEPUTY:  UNH-UNH.

9            THE COURT:  OKAY.  I NEED TO MAKE SURE THAT YOU

10   UNDERSTAND ALL OF THE RIGHTS THAT YOU WILL BE WAIVING BY

11   ENTERING THIS GUILTY PLEA, AS OPPOSED TO PROCEEDING TO TRIAL.

12           SO IF AT ANY TIME DURING THIS HEARING THERE IS

13   SOMETHING THAT YOU NEED ME TO REPEAT OR CLARIFY FOR YOU, WILL

14   YOU LET ME KNOW THROUGH ONE OF YOUR TWO ATTORNEYS?

15           THE DEFENDANT:  YES, YOUR HONOR.

16           THE COURT:  ALL RIGHT.  AND I WILL TELL ALL OF YOU

17   WHO ARE SEATED IN HERE, BECAUSE THERE ARE NOT MANY PEOPLE IN

18   OUR COURTROOM, I WILL LEAVE TO YOU WHETHER OR NOT YOU CHOOSE TO

19   REMAIN MASKED.

20           SIR, AS YOU SIT THERE -- AND YOU NEED NOT STAND UP

21   ANYMORE DURING THIS HEARING, BUT THANK YOU FOR YOUR DEFERENCE

22   -- IF YOU WOULD GO AHEAD AND RAISE YOUR RIGHT HAND SO THAT I

23   MAY SWEAR YOU IN.

24                   JAREE J. JACKSON,

25   HAVING BEEN FIRST DULY SWORN, WAS EXAMINED AND TESTIFIED AS

1    FOLLOWS:

2         THE COURT:  ALL RIGHT.  YOU MAY LOWER YOUR HAND.

3         AND GO AHEAD AND STATE YOUR NAME FOR THE RECORD.

4         THE DEFENDANT:  MY NAME IS JAREE JACKSON.

5         THE COURT:  MR. JACKSON, TELL ME HOW OLD YOU ARE,

6    SIR.

7         THE DEFENDANT:  I AM 25 YEARS OLD.

8         THE COURT:  AND TELL ME THIS:  DID YOU FINISH HIGH

9    SCHOOL?

10        THE DEFENDANT:  NO, MA'AM.

11        THE COURT:  HOW FAR DID YOU GO?

12        THE DEFENDANT:  TENTH.

13        THE COURT:  OKAY.  AND LET ME TELL YOU THE REASON I

14   ASK QUESTIONS LIKE THAT.  WHAT I REALLY WANT TO KNOW IS WHETHER

15   YOU READ, WRITE, AND UNDERSTAND THE ENGLISH LANGUAGE

16   PROFICIENTLY.

17        THE DEFENDANT:  YES.  YES, YOUR HONOR.  I READ AND

18   WRITE.

19        THE COURT:  ALL RIGHT.  SO HAVE YOU BEEN ABLE TO

20   UNDERSTAND EVERYTHING COMMUNICATED TO YOU ABOUT YOUR CASE BY

21   YOUR ATTORNEYS, WHETHER IT HAS BEEN IN THE FORM OF WRITTEN

22   DOCUMENTS OR IN CONVERSATION?

23        THE DEFENDANT:  YES, YOUR HONOR.

24        THE COURT:  THANK YOU, SIR.

25        ARE YOU A UNITED STATES CITIZEN?

6

1          THE DEFENDANT:  YES, YOUR HONOR.

2          THE COURT:  EVEN THOUGH YOU HAVE TOLD ME YOU ARE, AND

3    I HAVE NO REASON TO DISBELIEVE THAT, I AM REQUIRED TO TELL YOU

4    THAT IF YOU ARE NOT A UNITED STATES CITIZEN, ENTERING THIS

5    GUILTY PLEA COULD CAUSE YOU TO BE DEPORTED OR REMOVED FROM THE

6    UNITED STATES.

7          FIRST OF ALL, DO YOU UNDERSTAND THAT?

8          THE DEFENDANT:  YES, YOUR HONOR.

9          THE COURT:  AND, SECOND, WITH THAT UNDERSTANDING, DO

10   YOU WISH TO GO FORWARD WITH THIS GUILTY PLEA AT THIS TIME?

11         THE DEFENDANT:  YES, YOUR HONOR.

12         THE COURT:  ALL RIGHT.

13         WE GOOD THERE?

14         MR. SCHECHTMAN:  YEAH.  I DON'T KNOW WHAT THE

15   COMPUTER DID.  IT'S THE FEDERAL GOVERNMENT.

16         THE COURT:  ALL RIGHT.  AND, MR. JACKSON, HAVE YOU

17   TAKEN ANY TYPE OF MEDICATION, PRESCRIPTION OR OTHERWISE,

18   CONSUMED ANY ALCOHOL OR ANY SUBSTANCE LIKE THAT OVER THE PAST

19   24 HOURS?

20         THE DEFENDANT:  NO, YOUR HONOR.

21         THE COURT:  MR. SADOW, DO YOU HAVE ANY REASON TO BE

22   CONCERNED ABOUT WHETHER OR NOT MR. JACKSON UNDERSTANDS WHAT

23   HE'S DOING BY ENTERING THIS GUILTY PLEA THIS AFTERNOON?

24         MR. SADOW:  NO, YOUR HONOR.

25         THE COURT:  ALL RIGHT.  THANK YOU, SIR.

1          NOW, MR. JACKSON, I AM GOING TO GO OVER YOUR RIGHTS

2    WITH YOU.  YOU DO HAVE THE RIGHT TO ENTER A NOT GUILTY PLEA AND

3    TO GO FORWARD BY TRIAL, A TRIAL BEFORE A JURY OR, UNDER SOME

4    CIRCUMSTANCES, WHAT IS CALLED A BENCH TRIAL, WHICH WOULD BE A

5    TRIAL BEFORE A JUDGE LIKE MYSELF.

6          IF YOU ELECTED TO PROCEED BY TRIAL INSTEAD OF

7    ENTERING THIS GUILTY PLEA, YOU WOULD HAVE THE RIGHT TO HAVE

8    THAT TRIAL BE BOTH A PUBLIC AND SPEEDY TRIAL.

9          YOU'D ALSO HAVE THE RIGHT TO HAVE AN ATTORNEY ASSIST

10   YOU AT EVERY STAGE OF THAT TRIAL.

11         AND IF YOU COULD NOT AFFORD TO HIRE YOUR OWN TRIAL

12   COUNSEL, I WOULD APPOINT COUNSEL TO REPRESENT YOU AT TRIAL.

13         YOU WOULD NOT HAVE TO COME INTO THIS COURTROOM AT

14   TRIAL AND PROVE YOUR INNOCENCE.  YOU ARE PRESUMED INNOCENT,

15   SIR, AND THE GOVERNMENT WOULD HAVE TO OVERCOME THAT PRESUMPTION

16   WITH ADMISSIBLE EVIDENCE TO PROVE YOUR GUILT BEYOND A

17   REASONABLE DOUBT.

18         AT TRIAL, YOU WOULD HAVE THE RIGHT TO CALL WITNESSES

19   TO TESTIFY AND TO PRESENT OTHER EVIDENCE.

20         YOU'D ALSO HAVE THE RIGHT TO CROSS-EXAMINE ANY

21   WITNESS CALLED TO TESTIFY AGAINST YOU.

22         YOU WOULD HAVE THE RIGHT TO TAKE THE WITNESS STAND

23   AND TESTIFY ON YOUR OWN BEHALF, BUT YOU COULDN'T BE FORCED TO

24   DO THAT BECAUSE YOU ALSO HAVE A FIFTH AMENDMENT RIGHT AGAINST

25   SELF-INCRIMINATION.

1          IF YOU DID HAVE A JURY TRIAL, YOU'D HAVE THE RIGHT TO

2     HAVE THAT JURY RENDER A UNANIMOUS VERDICT.

3          AND IF YOU WERE FOUND GUILTY AT TRIAL, YOU WOULD HAVE

4     THE RIGHT TO APPEAL.

5          SIR, DO YOU UNDERSTAND THAT YOU HAVE ALL OF THOSE

6     RIGHTS AVAILABLE TO YOU?

7          THE DEFENDANT:  YES, YOUR HONOR.

8          THE COURT:  IS IT YOUR DESIRE TO WAIVE OR GIVE UP

9     THOSE RIGHTS, INCLUDING YOUR RIGHT TO HAVE A TRIAL, AND TO

10    PROCEED INSTEAD BY ENTERING A GUILTY PLEA?

11         THE DEFENDANT:  YES, YOUR HONOR.

12         THE COURT:  ALL RIGHT.  AT THIS TIME, MR. SCHECHTMAN,

13    I AM GOING TO ASK IF YOU WOULD GO AHEAD AND SUMMARIZE THE

14    WRITTEN PLEA AGREEMENT.

15         MR. SCHECHTMAN:  YES, YOUR HONOR.

16         WOULD YOU LIKE ME TO DO IT SEATED, FROM --

17         THE COURT:  ANYWHERE WE CAN HEAR YOU, THAT'S FINE.

18         MR. SCHECHTMAN:  YOUR HONOR, PARAGRAPH ONE OF THE

19    PLEA AGREEMENT INDICATES THE DEFENDANT IS PLEADING GUILTY

20    BECAUSE HE IS IN FACT GUILTY OF THE CRIMES CHARGED IN THE

21    INDICTMENT.

22         PARAGRAPHS TWO, THREE, FOUR, FIVE, SIX ALL DISCUSS

23    THE ACKNOWLEDGMENT OF RIGHTS AND THE WAIVER OF RIGHTS THAT THE

24    COURT HAS DISCUSSED -- WILL DISCUSS WITH THE DEFENDANT.

25         PARAGRAPH SEVEN DISCUSSES THE TERMS OF -- THE MAXIMUM

1    TERM OF IMPRISONMENT, MANDATORY MINIMUMS.

2             ALSO, THAT THE COURT WILL BE RESPONSIBLE FOR

3    CONSIDERING, AMONG OTHER FACTORS, PROVISIONS OF THE SENTENCING

4    GUIDELINES IN ASSESSING THE DEFENDANT'S ULTIMATE SENTENCE.

5             PARAGRAPH NINE DEALS WITH ANY COLLATERAL CONSEQUENCES

6    IF THE DEFENDANT WAS NOT A UNITED STATES CITIZEN.  BUT BASED ON

7    THE GOVERNMENT'S UNDERSTANDING, HE IS.

8             PARAGRAPH TEN BEGINS DISCUSSION OF THE PLEA

9    AGREEMENT.

10            PARAGRAPH 11 DISCUSSES THAT THERE ARE NO ADDITIONAL

11   CHARGES.

12            PARAGRAPH 12 DISCUSSES THAT THIS IS A BINDING

13   SENTENCING RECOMMENDATION SUBJECT TO THE COURT'S APPROVAL AND

14   THAT SHOULD THE COURT ACCEPT THIS PLEA AGREEMENT, THE COURT

15   WOULD IMPOSE A SENTENCE OF 57 MONTHS.

16            THERE ARE SPECIFIC SENTENCING GUIDELINE

17   RECOMMENDATIONS.

18            IN PARAGRAPH 14, IT INDICATES THAT THE APPLICABLE

19   OFFENSE GUIDELINE IS 2K2.1(LITTLE A)(3)(BIG A)(I)(BIG B).

20            FIFTEEN DISCUSSES THE DEFENDANT'S ACCEPTANCE OF

21   RESPONSIBILITY AND THE FACT THAT THE GOVERNMENT WILL RECOMMEND

22   THAT THE DEFENDANT WILL RECEIVE OFFENSE LEVEL ADJUSTMENT FOR

23   ACCEPTANCE OF RESPONSIBILITY PURSUANT TO SECTION 3E1.1, THE

24   MAXIMUM EXTENT AUTHORIZED BY THIS GUIDELINE.  HOWEVER, THE

25   GOVERNMENT WILL NOT BE REQUIRED TO RECOMMEND ACCEPTANCE IF,

1    AFTER ENTERING HIS PLEA, THE DEFENDANT ENGAGES IN CONDUCT

2    INCONSISTENT WITH ACCEPTING OF RESPONSIBILITY.

3            PARAGRAPH 16 DEALS WITH DEFENDANT'S RIGHT TO ANSWER

4    QUESTIONS, CORRECT MISSTATEMENTS, AND MAKE RECOMMENDATIONS.

5            SPECIFICALLY, PARAGRAPH 17 DISCUSSES HIS RIGHT TO

6    MAKE MODIFICATIONS.

7            PARAGRAPH 18 DISCUSSES THE SPECIFIC SENTENCING

8    RECOMMENDATION THAT, SHOULD THE COURT ACCEPT THIS

9    RECOMMENDATION, THE COURT SHALL IMPOSE A SENTENCE OF 57 MONTHS

10   OF IMPRISONMENT; AND (B) SHOULD CREDIT THE DEFENDANT FOR THE

11   TIME HE SERVED IN CUSTODY SINCE OCTOBER 14TH, 2020.

12           THE DEFENDANT ALSO AGREES THAT THE COURT SHALL IMPOSE

13   SENTENCE OF 57 MONTHS AND ACCEPT THAT AND SHOULD CREDIT THE

14   DEFENDANT FOR THE TIME HE'S CURRENTLY SERVED IN CUSTODY.

15           ALSO, THE GOVERNMENT AGREES, SHOULD THE DEFENDANT --

16   UNLESS DEFENDANT ENGAGES IN CONDUCT INCONSISTENT WITH

17   ACCEPTANCE OF RESPONSIBILITY -- AND THIS IS FROM PARAGRAPH 20

18   -- THAT WE WILL NOT OPPOSE DEFENDANT'S REQUEST THAT ANY

19   CUSTODIAL SENTENCE IMPOSED IN THIS CASE SHOULD RUN CONCURRENTLY

20   WITH ANY CUSTODIAL SENTENCE DEFENDANT IS CURRENTLY SERVING OR

21   ANY CUSTODIAL SENTENCE IMPOSED ON ANY PENDING CASES IN THE

22   SUPERIOR COURT OF DEKALB COUNTY AND THE SUPERIOR COURT OF BUTTS

23   COUNTY.

24           THERE'S NO FINE RECOMMENDATION.

25           THE DEFENDANT AGREES THAT HE WILL FORFEIT, PURSUANT

11

1  TO PARAGRAPH 22, ONE RUGER 57 PISTOL AND 21 ROUNDS OF

2  AMMUNITION.

3          ACKNOWLEDGING IN PARAGRAPH 23 THAT HE WAIVES AND

4  ABANDONS ALL RIGHT AND TITLE AND INTEREST IN THAT PARTICULAR

5  PROPERTY.

6          PARAGRAPH 27 INDICATES THAT THE COURT WILL ASK THE

7  DEFENDANT TO PAY A SPECIAL ASSESSMENT OF $100.

8          PARAGRAPH 28 DISCUSSES ANY FINES AND RESTITUTION.

9          TWENTY-NINE, 30, 31, 32, DISCUSSES THE FINANCIAL

10  PROVISIONS AND DISCLOSURES.

11          PARAGRAPH 33 INDICATES THAT THE BINDING SENTENCE IS

12  REASONABLE, THAT THERE ARE NO AGGRAVATING OR MITIGATING

13  CIRCUMSTANCES OF ANY KIND NOT ADEQUATELY TAKEN INTO

14  CONSIDERATION BY THE TERMS OF THE BINDING SENTENCING AGREEMENT.

15          PARAGRAPH 34 IS THE LIMITED WAIVER OF APPEAL,

16  SOMETHING THAT I'D LIKE TO READ INTO THE RECORD VERBATIM.

17          THE COURT:  YES, SIR.

18          MR. SCHECHTMAN:  THANK YOU, YOUR HONOR.

19          THE PARAGRAPH 34 INDICATES AS FOLLOWS:  LIMITED

20  WAIVER OF APPEAL, TO THE MAXIMUM EXTENT PERMITTED BY FEDERAL

21  LAW, THE DEFENDANT VOLUNTARILY AND EXPRESSLY WAIVES THE RIGHT

22  TO APPEAL HIS CONVICTION AND SENTENCE AND THE RIGHT TO

23  COLLATERALLY ATTACK HIS CONVICTION AND SENTENCE IN ANY

24  POST-CONVICTION PROCEEDING, INCLUDING, BUT NOT LIMITED TO,

25  MOTIONS FILED PURSUANT TO 28 UNITED STATES CODE, SECTION 2255,

```
1    ON ANY GROUND, EXCEPT THE DEFENDANT MAY FILE A DIRECT APPEAL OF

2    AN UPWARD DEPARTURE OR UPWARD VARIANCE ABOVE THE SENTENCING

3    GUIDELINE RANGE AS CALCULATED BY THE DISTRICT COURT.

4           CLAIMS THAT DEFENDANT'S COUNSEL RENDERED

5    CONSTITUTIONALLY INEFFECTIVE ASSISTANCE ARE EXEMPTED FROM THIS

6    WAIVER.

7           THE DEFENDANT UNDERSTANDS THAT THIS PLEA AGREEMENT

8    DOES NOT LIMIT THE GOVERNMENT'S RIGHT TO APPEAL, BUT IF THE

9    GOVERNMENT INITIATES A DIRECT APPEAL OF THE SENTENCE IMPOSED,

10   DEFENDANT MAY FILE A CROSS-APPEAL OF THE SAME SENTENCE.

11          PARAGRAPH 35 DISCUSSES THE FOIA WAIVERS.

12          AND THEN THERE ARE ACKNOWLEDGEMENTS ON PAGE 15 AND

13   SIGNATURES BY THE DEFENDANT AND COUNSEL, AS WELL AS THE

14   GOVERNMENT, THAT THERE ARE NO OTHER AGREEMENTS.

15          AND PARAGRAPH 16 CONTAINS AN INDICATION OR AN

16   ATTESTATION BY DEFENDANT, JAREE JALON JACKSON, THAT HE'S READ

17   THE CHARGES AND REVIEWED THEM WITH HIS COUNSEL.

18          AND PARAGRAPH -- AND PAGE 17 HAS TWO ACKNOWLEDGEMENTS

19   AND ATTESTATIONS SIGNED BY DEFENSE COUNSEL KNOWING THAT --

20   INDICATING THAT THEY'VE CAREFULLY REVIEWED THE CHARGE AND PLEA

21   AGREEMENT AND THAT THE DEFENDANT IS MAKING AN INFORMED AND

22   VOLUNTARY DECISION TO PLEAD GUILTY AND ENTER INTO THIS

23   PARTICULAR PLEA AGREEMENT.

24          THE COURT:  ALL RIGHT.  AND WE WILL VERIFY THOSE

25   SIGNATURES IN JUST A MOMENT.
```

1          MR. JACKSON, DO YOU UNDERSTAND THE PLEA AGREEMENT

2    THAT WAS JUST NOW SUMMARIZED AND REVIEWED BY THE GOVERNMENT?

3          THE DEFENDANT:  YES, YOUR HONOR.

4          THE COURT:  AND HAS ANYONE THREATENED YOU, COERCED

5    YOU, OR FORCED YOU IN ANY WAY TO ENTER THIS PLEA?

6          THE DEFENDANT:  NO, YOUR HONOR.

7          THE COURT:  ARE YOU ENTERING THIS PLEA FREELY AND

8    VOLUNTARILY, SIR?

9          THE DEFENDANT:  YES, YOUR HONOR.

10         THE COURT:  AND HAVE YOU AND YOUR ATTORNEYS SIGNED

11   THE WRITTEN PLEA AGREEMENT?

12         THE DEFENDANT:  YES, YOUR HONOR.

13         THE COURT:  ALL RIGHT.  MR. SCHECHTMAN, IF YOU WOULD

14   GO AHEAD FROM A SAFE DISTANCE AND VERIFY THOSE SIGNATURES, SIR.

15         MR. SCHECHTMAN:  YES, YOUR HONOR.

16         YOUR HONOR, FIRST I'D LIKE TO ACKNOWLEDGE THAT ON

17   PAGE 15 IS A SIGNATURE OF THE SUPERVISING APPROVING OFFICIAL,

18   RICHARD S. MOULTRIE, AND MYSELF.

19         MR. JACKSON, IS THAT YOUR SIGNATURE ON PAGE 15 ABOVE

20   THE LINE WHERE IT SAYS SIGNATURE, JAREE JALON JACKSON?

21         THE DEFENDANT:  YES, SIR.

22         MR. SCHECHTMAN:  AND, MR. SADOW, IS THAT YOUR

23   SIGNATURE ABOVE THE LINE WHERE IT SAYS DEFENDANT'S ATTORNEY,

24   STEVE SADOW?

25         MR. SADOW:  IT IS.

1          MR. SCHECHTMAN:  AND, MR. THOMAS, IS THAT YOUR

2   SIGNATURE ABOVE THE LINE WHERE IT SAYS SIGNATURE DEFENDANT'S

3   ATTORNEY, DWIGHT THOMAS?

4          MR. THOMAS:  YES, IT IS.

5          MR. SCHECHTMAN:  TURNING TO PAGE 16, YOUR HONOR, MR.

6   JACKSON, IS THAT YOUR SIGNATURE ABOVE THE LINE WHERE IT SAYS

7   SIGNATURE, JAREE JALON JACKSON?

8          THE DEFENDANT:  YES.  YES, SIR.

9          MR. SCHECHTMAN:  TURNING TO PAGE 17, MR. SADOW, IS

10  THAT YOUR SIGNATURE ABOVE THE LINE WHERE IT SAYS SIGNATURE

11  DEFENDANT'S ATTORNEY, STEVE SADOW?

12         MR. SADOW:  YES, IT IS.

13         MR. SCHECHTMAN:  AND, MR. THOMAS, IS THAT YOUR

14  SIGNATURE ABOVE THE LINE WHERE IT SAYS SIGNATURE DEFENDANT'S

15  ATTORNEY, DWIGHT THOMAS?

16         MR. THOMAS:  YES, IT IS.

17         MR. SCHECHTMAN:  YOUR HONOR, MAY I APPROACH?

18         THE COURT:  YES.  THANK YOU.

19         ALL RIGHT.  MR. SADOW, SIR, HAVE YOU ADVISED MR.

20  JACKSON CONCERNING THE LEGALITY OF ANY STATEMENTS OR

21  CONFESSIONS OR OTHER EVIDENCE THE GOVERNMENT HAS AGAINST HIM?

22         MR. SADOW:  WE HAVE, YOUR HONOR.

23         THE COURT:  AS FAR AS YOU KNOW, IS HE ENTERING THIS

24  GUILTY PLEA BECAUSE OF ANY ILLEGALLY OBTAINED EVIDENCE IN THE

25  POSSESSION OF THE GOVERNMENT?

15

1          MR. SADOW:  THERE WAS A LEGAL ISSUE ON A MOTION TO

2     SUPPRESS THAT WAS DEBATED.  BUT IN THE SCHEME OF THINGS AND THE

3     POSSIBILITY OF OTHER CHARGES, THE DEFENDANT HAS AGREED OR

4     ELECTED NOT TO PROCEED ON THAT MOTION TO SUPPRESS.

5          THE COURT:  SO NOTED.

6          HAVE YOU MADE ANY PROMISE TO MR. JACKSON OF A

7     PARTICULAR SENTENCE THAT HE IS GUARANTEED TO RECEIVE IN THIS

8     CASE?

9          MR. SADOW:  OTHER THAN WHAT IS CONTAINED IN THE

10    GUILTY PLEA AND PLEA AGREEMENT, NO, YOUR HONOR.

11         THE COURT:  ALL RIGHT.  AND THIS IS A BINDING PLEA.

12    SO WHEN YOU SAY OTHER THAN WHAT IS CONTAINED, YOU HAVE

13    EXPLAINED TO HIM THE NATURE OF A BINDING PLEA?

14         MR. SADOW:  WE HAVE, YOUR HONOR.

15         THE COURT:  WITHOUT DIVULGING ANY PRIVILEGED

16    INFORMATION, OF COURSE, COULD YOU TELL ME BRIEFLY WHAT YOU'VE

17    EXPLAINED TO HIM IN TERMS OF WHAT IT MEANS TO ENTER A BINDING

18    PLEA?

19         MR. SADOW:  WE HAVE TOLD HIM THAT IF THE COURT

20    ACCEPTS THE BINDING PLEA AGREEMENT, HE WOULD HAVE TO BE

21    SENTENCED TO 57 MONTHS WITH CREDIT FOR TIME SERVED SINCE

22    OCTOBER -- LET ME GET EXACTLY THE -- OCTOBER THE 14TH, 2020.

23    BUT IF THE COURT CHOOSES NOT TO ACCEPT THE BINDING PLEA, HE

24    WOULD HAVE THE OPPORTUNITY TO WITHDRAW HIS PLEA OR GO FORWARD

25    WITHOUT THAT GUARANTEED RECOMMENDATION BEING ACCEPTED BY THE

1   COURT.

2        THE COURT:  AND, MR. JACKSON, DO YOU AGREE THAT THAT

3   WAS THE EXPLANATION PROVIDED TO YOU?

4        THE DEFENDANT:  YES, YOUR HONOR.

5        THE COURT:  ALL RIGHT.  MR. SADOW, DO YOU KNOW OF ANY

6   REASON I SHOULD NOT ACCEPT MR. JACKSON'S PLEA AT THIS TIME?

7        MR. SADOW:  NO, YOUR HONOR.

8        THE COURT:  DO YOU FEEL YOU'VE HAD SUFFICIENT TIME UP

9   TO NOW TO DISCUSS WITH HIM THE CASE GENERALLY AND SPECIFICALLY

10  THIS GUILTY PLEA THAT HE IS ENTERING?

11       MR. SADOW:  YES, YOUR HONOR.

12       THE COURT:  ALL RIGHT.  THANK YOU, SIR.

13       MR. JACKSON, SIR, DO YOU FEEL THAT YOU HAVE HAD

14  ENOUGH TIME TO DISCUSS WITH YOUR ATTORNEYS THE CASE AGAINST YOU

15  GENERALLY AND SPECIFICALLY THE GUILTY PLEA THAT YOU'RE ENTERING

16  TODAY?

17       THE DEFENDANT:  YES, YOUR HONOR.

18       THE COURT:  DO YOU NEED ANY MORE TIME IN THAT REGARD?

19       THE DEFENDANT:  NO, YOUR HONOR.

20       THE COURT:  AND ARE YOU SATISFIED WITH THE LEGAL

21  REPRESENTATION YOU'VE RECEIVED IN THIS CASE?

22       THE DEFENDANT:  YES, YOUR HONOR.

23       THE COURT:  ALL RIGHT.  MR. SCHECHTMAN, SIR, IF YOU

24  WOULD GO AHEAD AND STATE THE ELEMENTS OF THE OFFENSE TO WHICH

25  MR. JACKSON IS ENTERING A GUILTY PLEA AND, AFTER THAT, IF YOU

17

1   WOULD STATE THE MAXIMUM PENALTY AND FINE AND ANY MANDATORY

2   MINIMUM THAT MIGHT APPLY.

3           MR. SCHECHTMAN:  YES, YOUR HONOR.

4           YOUR HONOR, DEFENDANT IS ENTERING A GUILTY PLEA TO

5   POSSESSION OF A FIREARM BY A CONVICTED FELON.

6           THE ELEMENTS THE GOVERNMENT WOULD NEED TO PROVE

7   SHOULD THIS CASE GO TO TRIAL WOULD BE AS FOLLOWS:

8           DEFENDANT KNOWINGLY POSSESSED A FIREARM.

9           BEFORE POSSESSING A FIREARM, THE DEFENDANT KNEW HE

10  HAD BEEN CONVICTED OF A CRIME PUNISHABLE BY A TERM EXCEEDING

11  ONE YEAR.  THAT IS A FELONY.

12          AND, THREE, THE POSSESSION OF THE FIREARM WAS IN OR

13  AFFECTING INTERSTATE COMMERCE.

14          AS TO THE MAXIMUM/MINIMUM TERMS, YOUR HONOR, THERE IS

15  A MAXIMUM TERM OF IMPRISONMENT.

16          THERE IS NO MANDATORY MINIMUM.

17          THERE'S A MAXIMUM TERM OF SUPERVISED RELEASE OF UP TO

18  THREE YEARS.

19          THERE'S A MAXIMUM FINE OF $250,000 DUE AND PAY

20  IMMEDIATELY.

21          FULL RESTITUTION DUE AND PAY IMMEDIATELY TO ALL

22  VICTIMS.

23          MANDATORY ASSESSMENT OF $100.

24          AND THE FORFEITURE OF ANY AND ALL PROCEEDS FROM THE

25  COMMISSION OF THE OFFENSE AND ANY AND ALL PROPERTY USED OR

1    INTENDED TO BE USED TO FACILITATE THE OFFENSE AND ANY PROPERTY

2    INVOLVED IN THE OFFENSE.

3            THE COURT:  ALL RIGHT.  THANK YOU SO MUCH.

4            I'M SORRY.  I KNOW THERE'S A BABY THERE.  I WANT

5    Y'ALL TO BE COMFORTABLE.  COULD YOU ALL -- JUST BECAUSE WE ARE

6    TAKING DOWN EVERYTHING AND RECORDING EVERYTHING, WOULD IT BE

7    POSSIBLE FOR YOU ALL TO MOVE BACK FURTHER IF THE BABY IS MAKING

8    NOISE JUST SO THAT WE DON'T CAPTURE ANY OF THAT ON THE RECORD?

9            THANK YOU SO MUCH.  YOU DON'T NEED TO LEAVE.  YOU

10   DON'T NEED TO LEAVE IF YOU DON'T WANT, BUT JUST FARTHER AWAY

11   FROM THE RECORDING DEVICE.

12           THAT'S FINE.  THANK YOU, MA'AM.  I APPRECIATE THAT.

13           ALL RIGHT.  MR. JACKSON, SIR, HAVE YOU DISCUSSED WITH

14   YOUR ATTORNEYS THE ADVISORY SENTENCING GUIDELINES AND HOW THEY

15   APPLY TO YOUR CASE?

16           THE DEFENDANT:  YES, MA'AM.

17           THE COURT:  SO I ASKED MR. SADOW EARLIER WHETHER HE

18   HAD MADE ANY PROMISE TO YOU OF A PARTICULAR SENTENCE THAT YOU

19   ARE GUARANTEED TO RECEIVE.  HE EXPLAINED THAT HE HAS EXPLAINED

20   THE NATURE OF A BINDING PLEA.

21           BUT DO YOU UNDERSTAND THAT I AM NOT BOUND TO ACCEPT

22   THAT AND I WILL NOT ACCEPT THE BINDING PLEA TODAY.  I WILL JUST

23   LISTEN TO THE FACTS AND THEN DECIDE AFTER A PRESENTENCE

24   INVESTIGATION REPORT IS COMPILED WHETHER OR NOT I WILL ACCEPT

25   THE PLEA.

1           DO YOU NEED ME TO GO OVER THAT AGAIN?

2           THE DEFENDANT:  YES, MA'AM.

3           THE COURT:  NO PROBLEM.

4           YOUR ATTORNEY HAS STATED THAT HE HAS EXPLAINED TO YOU

5    THE NATURE OF A BINDING PLEA.  SO, WHEREAS, NORMALLY, AT THE

6    END OF A HEARING LIKE THIS, I WOULD GO AHEAD AND DETERMINE

7    WHETHER I WOULD ACCEPT A GUILTY PLEA, TODAY, BECAUSE IT IS

8    BINDING, I WILL STOP SHORT OF THAT.  I WON'T GO AHEAD AND

9    ACCEPT ANY GUILTY PLEA.  I WILL WAIT UNTIL AFTER I HAVE SEEN A

10   PRESENTENCE INVESTIGATION REPORT PREPARED BY PROBATION BEFORE I

11   DETERMINE WHETHER OR NOT I AGREE WITH THE RECOMMENDATION THAT

12   HAS BEEN MADE BY BOTH SIDES.

13           DO YOU UNDERSTAND THAT?

14           THE DEFENDANT:  YES, YOUR HONOR.

15           THE COURT:  DO YOU HAVE ANY QUESTIONS ABOUT THAT?

16           THE DEFENDANT:  NO, MA'AM.

17           THE COURT:  ALL RIGHT.  NOW, MR. SCHECHTMAN ALSO READ

18   INTO THE RECORD A LIMITED WAIVER OF APPEAL EARLIER.  DO YOU

19   UNDERSTAND THAT, BY VIRTUE OF YOUR NEGOTIATED PLEA, YOU ARE

20   GIVING UP THE MAJORITY OF YOUR APPELLATE RIGHTS, YOUR RIGHTS TO

21   APPEAL, AND KEEPING OR RETAINING ONLY LIMITED APPELLATE RIGHTS?

22           THE DEFENDANT:  YES, MA'AM.

23           THE COURT:  OKAY.

24           MR. SADOW:  YOUR HONOR, CAN I BE -- JUST TO BE AS

25   CLEAR AS POSSIBLE ON THE RECORD SO THAT THERE'S NO QUESTION.

20

1          THE COURT:  YES, SIR.

2          MR. SADOW:  AND I AM ADDRESSING THIS OBVIOUSLY TO THE

3   COURT BUT ALSO, OF COURSE, TO MY CLIENT.

4          IF THE JUDGE ACCEPTS THE PLEA AGREEMENT, YOU GET 57

5   MONTHS.  OKAY?

6          IF THE JUDGE DOESN'T ACCEPT THE PLEA AGREEMENT, YOU

7   HAVE THE RIGHT TO WITHDRAW OR YOU HAVE THE RIGHT TO GO FORWARD

8   WITH WHATEVER THE COURT MAY GIVE YOU.

9          YOU HAVE TO UNDERSTAND, THOUGH, THAT IF YOU GO -- IF

10  THE JUDGE DOESN'T ACCEPT THE PLEA, AND YOU DON'T WITHDRAW YOUR

11  PLEA, THEN YOU ARE IN A SITUATION WHERE WHATEVER THE JUDGE

12  GIVES YOU, YOU'RE NOT GOING TO BE ABLE TO APPEAL FROM.

13         DO YOU UNDERSTAND THAT?

14         THE DEFENDANT:  YES, SIR.

15         MR. SADOW:  OKAY.  YOUR HONOR --

16         THE DEFENDANT:  BASICALLY --

17         MR. SADOW:  GO AHEAD.

18         THE DEFENDANT:  -- IF SHE DON'T ACCEPT THE PLEA, THEN

19  I WITHDRAW AND THEN I FIGHT MY CASE.

20         MR. SADOW:  THAT'S CORRECT.

21         THE DEFENDANT:  ALL RIGHT.

22         THE COURT:  ALL RIGHT.  MR. SADOW HAS GRACIOUSLY

23  TAKEN OVER THE COURT'S DUTIES AND EXPLAINED THE NEXT THING THAT

24  I WAS GOING TO GO OVER WITH YOU.

25         MR. SADOW:  OH, I'M SORRY.

21

1          THE COURT:  NO.  THAT'S FINE.  THAT'S FINE.  I LIKE
2     THE WAY THAT YOU DID IT BETTER.
3          SO DO YOU UNDERSTAND WHAT HE HAS JUST STATED FOR THE
4     RECORD?
5          THE DEFENDANT:  YES, YOUR HONOR.
6          THE COURT:  ALL RIGHT.  THANK YOU SO MUCH.
7          DO YOU UNDERSTAND, SIR, THAT IN THE FEDERAL SYSTEM,
8     UNLIKE THE STATE SYSTEM, THERE IS NO SUCH THING AS PAROLE.  SO
9     IF YOU ARE SENTENCED TO CUSTODIAL TIME, YOU WOULD NOT BE
10    RELEASED EARLY TO SERVE THAT TIME ON PAROLE.
11         THE DEFENDANT:  YES, MA'AM.
12         THE COURT:  THERE IS SOMETHING IN FEDERAL SENTENCES
13    CALLED SUPERVISED RELEASE.  IT OFTEN FOLLOWS THE CUSTODIAL
14    TIME, SO THAT ONCE YOU HAVE COMPLETED YOUR TIME IN CUSTODY, YOU
15    ARE RELEASED ONTO SUPERVISED RELEASE WHERE YOU WORK WITH A
16    PROBATION OFFICER AND YOU HAVE TO ADHERE TO CERTAIN RULES AND
17    CONDITIONS.
18         DO YOU UNDERSTAND THAT ONCE YOU BEGIN SUPERVISED
19    RELEASE, IF YOU VIOLATE ANY RULE OR CONDITION OF YOUR
20    SUPERVISED RELEASE, YOU CAN BE SENT BACK TO PRISON FOR THE
21    ENTIRE TERM THAT SUPERVISED RELEASE IS MADE A PART OF YOUR
22    SENTENCE?
23         THE DEFENDANT:  YES, YOUR HONOR.
24         SO, SO I'M ON THREE YEARS OF SUPERVISED RELEASE WHEN
25    I GET OUT?

1          THE COURT:  I HAVEN'T DONE ANYTHING WITH THE SENTENCE

2     YET.  THAT'S WHAT WE JUST FINISHED TALKING ABOUT.  I HAVEN'T

3     SENTENCED YOU.  AND SO I DON'T KNOW HOW LONG YOU WILL BE ON

4     SUPERVISED RELEASE.

5          I HAVE NOT SAID WHETHER OR NOT I WILL ACCEPT THE

6     RECOMMENDATION THAT YOU ALL ARE MAKING.  I HAVEN'T STATED THAT.

7          DO YOU UNDERSTAND THAT, FIRST OF ALL?

8          THE DEFENDANT:  YES, YOUR HONOR.

9          THE COURT:  OKAY.  SECOND, DO YOU STILL HAVE A

10    QUESTION ABOUT HOW LONG YOUR SUPERVISED RELEASE OR ANYTHING IS

11    AT THIS TIME?

12         THE DEFENDANT:  NO, MA'AM.

13         THE COURT:  OKAY.  SO YOU DO UNDERSTAND THAT WE'RE

14    NOT DISCUSSING SENTENCING TODAY, BECAUSE I'M NOT EVEN GOING TO

15    TELL YOU TODAY WHETHER OR NOT I AM ACCEPTING THIS PLEA.

16         DOES THAT MAKE SENSE TO YOU?

17         THE DEFENDANT:  YES, MA'AM.

18         THE COURT:  OKAY.  I'M NOW GOING TO ASK MR.

19    SCHECHTMAN TO SUMMARIZE WHAT THE GOVERNMENT EXPECTS THE

20    EVIDENCE WOULD SHOW.

21         DO YOU NEED TIME TO STOP AND TALK TO YOUR ATTORNEY?

22         THE DEFENDANT:  NO, MA'AM.

23         THE COURT:  OKAY.  I THOUGHT YOU WERE ASKING HIM A

24    QUESTION.  AND I DON'T WANT TO TALK TO YOU WHILE YOU'RE TALKING

25    TO HIM.  SO IF YOU NEED TIME, THIS IS YOUR DAY IN COURT, SO YOU

1    DO NEED TO UNDERSTAND EVERYTHING FULLY.  SO IF YOU NEED TO STOP

2    AND ASK HIM A QUESTION, LET ME KNOW.  AND THAT'S NOT A PROBLEM.

3              THE DEFENDANT:  YES, MA'AM.

4              THE COURT:  ALL RIGHT.  I'M NOW GOING TO ASK MR.

5    SCHECHTMAN TO SUMMARIZE WHAT THE GOVERNMENT ANTICIPATES THE

6    EVIDENCE WOULD SHOW IF THIS CASE DID GO FORWARD TO TRIAL.

7              YOU NEED TO LISTEN CAREFULLY BECAUSE, WHEN HE

8    FINISHES, I'M GOING TO ASK WHETHER OR NOT YOU AGREE WITH THE

9    FACTS AS HE PRESENTS THEM.

10             AND I ALWAYS ENCOURAGE A DEFENDANT TO CONFER WITH HIS

11   ATTORNEY BEFORE BLURTING OUT ANY POSSIBLE DISAGREEMENTS.

12   SOMETIMES DEFENDANTS PREFER FOR THEIR ATTORNEY TO ACTUALLY

13   RESPOND TO THE COURT'S QUESTION THERE.

14             DO YOU UNDERSTAND?

15             THE DEFENDANT:  YES, MA'AM.

16             THE COURT:  ALL RIGHT.  MR. SCHECHTMAN, PLEASE.

17             MR. SCHECHTMAN:  YOUR HONOR, THE GOVERNMENT BELIEVES

18   THE FACTS WOULD SHOW, IF THIS CASE WENT TO TRIAL, THAT ON MAY

19   26TH, 2020, OFFICER C. SMITH OF THE ATLANTA POLICE DEPARTMENT

20   WAS WORKING AN EXTRA JOB DETAIL AT THE LENOX SQUARE MALL IN

21   ATLANTA.  WHILE EN ROUTE TO THE NORTH FRONT ENTRANCE OF THE

22   LOCATION, OFFICER SMITH WAS WALKING TOWARDS JAREE JACKSON WHEN

23   HE NOTICED A BULGE INSIDE OF THIS DEFENDANT'S JACKET THAT

24   APPEARED TO BE THE BUTT OF A HANDGUN.

25             AS THE DEFENDANT GOT CLOSER, OFFICER SMITH SAW THE

1   HANDLE OF THE HANDGUN INSIDE OF JACKSON'S JACKET.  THE WEAPON

2   WAS NOT HOLSTERED.

3          OFFICER SMITH RECOGNIZED THE DEFENDANT FROM HIS PRIOR

4   EXPERIENCE AS A DEPUTY AT THE FULTON COUNTY JAIL AND KNEW THE

5   DEFENDANT WAS A CONVICTED FELON.  OFFICER SMITH CONVINCED THE

6   DEFENDANT TO EXIT THE LENOX MALL TOWARDS THE FRONT OF THE

7   LOCATION WHERE ADDITIONAL OFFICERS WERE PRESENT TO DETAIN HIM.

8          THE DEFENDANT WAS TAKEN INTO CUSTODY, AND A RUGER 57

9   PISTOL WITH A MAGAZINE WITH 21 ROUNDS OF AMMUNITION WAS

10   RECOVERED FROM HIS PERSON.

11          PRIOR TO THIS INCIDENT, THE DEFENDANT WAS CONVICTED

12   OF THE FOLLOWING FELONY OFFENSES IN DEKALB COUNTY SUPERIOR

13   COURT:

14          ENTERING AUTO ON JUNE 16TH, 2014.

15          ROBBERY BY FORCE ON NOVEMBER 10TH, 2014.

16          RIOT IN A PENAL INSTITUTION IN VIOLATION OF THE

17   STREET GANG AND TERRORISM PREVENTION ACT ON JANUARY 19TH, 2016.

18          POSSESSION OF A FIREARM BY CONVICTED FELON AND THEFT

19   BY RECEIVING STOLEN PROPERTY ON JULY 16TH, 2018.

20          ATF SPECIAL AGENT JAMES NASH CONDUCTED A NEXUS

21   EXAMINATION ON THE RUGER 57 HANDGUN SEIZED FROM THE DEFENDANT

22   ON OCTOBER 13TH, 2020.  HE DETERMINED THAT THE FIREARM WAS

23   MANUFACTURED IN ARIZONA.  CONSEQUENTLY, THE POSSESSION OF A

24   FIREARM IN GEORGIA AFFECTED INTERSTATE COMMERCE.

25          THE COURT:  ALL RIGHT.  THANK YOU SO MUCH.

1          (WHEREUPON, THE DEFENDANT AND COUNSEL CONFER.)

2          THE COURT:  ALL RIGHT.  AFTER CONFERRING WITH YOUR

3     ATTORNEY, DO YOU AGREE OR DISAGREE WITH THE FACTS?  OR WOULD

4     YOU LIKE YOUR ATTORNEY TO RESPOND FOR YOU?

5          THE DEFENDANT:  MY ATTORNEY GOING TO RESPOND FOR ME.

6          THE COURT:  MR. SADOW?

7          MR. SADOW:  YOUR HONOR, WE ARE IN DISPUTE WITH

8     CERTAIN FACTS THAT WE DO NOT DEEM TO BE MATERIAL FOR PURPOSES

9     OF THE PLEA.

10          WE ARE IN AGREEMENT THAT, ON THE DAY IN QUESTION, THE

11    DEFENDANT IN FACT POSSESSED A FIREARM AS DESCRIBED, THAT HE WAS

12    IN FACT A CONVICTED FELON AND KNEW HE WAS A CONVICTED FELON,

13    WHICH I THINK IS SUFFICIENT AS A FACTUAL BASIS.

14          THE COURT:  ALL RIGHT.  I DO, TOO.  BUT I ALWAYS

15    ALLOW THE GOVERNMENT TO WEIGH IN IF THEY'D LIKE TO.

16          SO, MR. SCHECHTMAN, ANYTHING FROM YOU THERE?

17          MR. SCHECHTMAN:  I DON'T THINK IT NEEDS TO BE

18    ADDRESSED HERE, YOUR HONOR.

19          THE COURT:  ALL RIGHT.  MANY OF THESE THINGS ARE

20    BETTER ADDRESSED AT SENTENCING A LOT OF TIMES.  BUT I DO FIND

21    THAT THOSE ARE THE ELEMENTS TO WHICH MR. SADOW SAYS HIS CLIENT

22    AGREES.

23          SO, MR. JACKSON, TO THE CHARGE OF POSSESSION OF A

24    FIREARM BY A PREVIOUSLY CONVICTED FELON AS SET FORTH IN THE

25    INDICTMENT, WHAT IS YOUR PLEA, SIR?

26

1          THE DEFENDANT:  GUILTY.

2          THE COURT:  AND ARE YOU ENTERING THIS GUILTY PLEA

3    BECAUSE YOU ARE ACTUALLY OR IN FACT GUILTY OF THIS CHARGE?

4          THE DEFENDANT:  YES, MA'AM.

5          THE COURT:  I DO FIND THAT THERE IS A SUFFICIENT

6    FACTUAL BASIS TO SUPPORT YOUR GUILTY PLEA.  HOWEVER, AS WE HAVE

7    DISCUSSED A COUPLE OF TIMES ALREADY DURING THIS HEARING, I WILL

8    DEFER ACCEPTANCE OF YOUR PLEA UNTIL AFTER I HAVE REVIEWED THE

9    PRESENTENCE INVESTIGATION REPORT, WHICH WILL BE PREPARED BY

10   PROBATION.

11         I'M SURE THAT YOUR ATTORNEYS HAVE EXPLAINED TO YOU

12   WHAT THAT CONSISTS OF.  BUT BASICALLY A PRESENTENCE

13   INVESTIGATION REPORT WILL BE PREPARED BY A PROBATION OFFICER,

14   WHO WILL SPEAK TO YOU, MAY SPEAK TO OTHER PEOPLE ASSOCIATED TO

15   YOU, SUCH AS FAMILY MEMBERS.  ALL OF THAT INFORMATION IS

16   CONSIDERED TO BE FACTUAL FINDINGS THAT WILL BE INCLUDED IN THE

17   PRESENTENCE INVESTIGATION REPORT.

18         THAT SAME REPORT WILL CONTAIN CALCULATIONS THAT ARE

19   BASED ON THE ADVISORY SENTENCING GUIDELINES WHICH ARE PUT INTO

20   PLACE BY THE UNITED STATES SENTENCING COMMISSION.  AND THOSE

21   GUIDELINES WILL BE CALCULATED TO APPLY TO YOUR PARTICULAR CASE,

22   CERTAIN FACTORS TAKEN INTO CONSIDERATION, SUCH AS CRIMINAL

23   HISTORY OF A DEFENDANT AND OTHER THINGS LIKE THAT.

24         YOU AND YOUR ATTORNEY AND THE GOVERNMENT WILL HAVE

25   THE OPPORTUNITY TO OBJECT TO THE FACTUAL FINDINGS AND THE

1   CALCULATIONS AS APPLIED TO YOUR CASE.

2           YOU WILL ALSO HAVE THE OPPORTUNITY TO MAKE CERTAIN

3   SUBMISSIONS THAT YOU MAY WANT ME TO CONSIDER, FOR INSTANCE, IF

4   YOU WANT TO PREPARE A WRITTEN STATEMENT OR IF YOU WANT TO GET

5   OTHERS TO WRITE CHARACTER LETTERS ON YOUR BEHALF.

6           I UNDERSTAND THIS IS A BINDING PLEA.  BUT YOU WILL

7   HAVE THE OPPORTUNITY IF YOU'D LIKE TO SUBMIT THOSE ITEMS.  THEY

8   ARE NOT REQUIRED, HOWEVER.

9           WE WILL COME TOGETHER FOR A SECOND HEARING, A

10  SENTENCING HEARING.  AND AT THAT HEARING, BY THAT TIME I WOULD

11  HAVE REVIEWED THIS PRESENTENCE INVESTIGATION REPORT THAT I'VE

12  JUST DESCRIBED.  I WILL THEN DETERMINE WHETHER OR NOT I THINK,

13  IN LIGHT OF THE INFORMATION THAT IS CONTAINED THEREIN, THAT THE

14  RECOMMENDATION THAT YOU ALL HAVE AGREED TO GIVE TO THE COURT IS

15  A SUITABLE ONE.

16          AND SO THEN AT THAT TIME, I WILL DECIDE WHETHER OR

17  NOT TO ACCEPT YOUR BINDING PLEA.  AND IF I ACCEPT YOUR BINDING

18  PLEA, AS MR. SADOW MENTIONED EARLIER, THEN I, TOO, AM BOUND BY

19  THAT RECOMMENDATION.

20          SO WHATEVER YOU ALL HAVE AGREED TO RECOMMEND, THAT

21  BRINGS ME IN ON THAT AND I HAVE TO FOLLOW THAT.  OR I MAY FIND

22  THAT IT IS NOT SUITABLE, AND THEN I MAY REJECT THE BINDING

23  PLEA.

24          AND A NON-BINDING PLEA IS DIFFERENT FROM THIS ONE.

25  AT THAT POINT, IT COULD BE NON-NEGOTIATED, OR IT COULD BE A

1    NON-BINDING PLEA WHERE I -- IF THE PLEA IS WITHDRAWN UNDER SOME

2    CIRCUMSTANCES OR IF IT IS A NON-BINDING NEGOTIATED PLEA AND I

3    DO IMPOSE A SENTENCE, IF I IMPOSE A SENTENCE THAT IS HIGHER

4    THAN WHAT IS FOUND TO BE YOUR CALCULATED GUIDELINE RANGE, YOU

5    WOULD HAVE THE OPPORTUNITY TO APPEAL MY GOING ABOVE THE

6    CALCULATED GUIDELINE RANGE.

7              BUT WE'RE NOT THERE YET BECAUSE I'VE NOT REVIEWED THE

8    MATERIAL TO LET ME KNOW WHETHER OR NOT I'M GOING TO ACCEPT THE

9    BINDING PLEA.

10             I WILL TELL YOU THAT, IN THE EIGHT YEARS THAT I HAVE

11   BEEN HERE, I HAVE REJECTED ONLY ONE BINDING PLEA.  SO, ASSUMING

12   THE PARTIES HAVE REVIEWED EVERYTHING -- AND YOU ALL USUALLY

13   KNOW WAY MORE THAN I DO -- I USUALLY DO FIND THAT WHAT IS

14   RECOMMENDED IN THE FORM OF A BINDING PLEA IS REASONABLE.  BUT,

15   AGAIN, THERE IS NO GUARANTEE IN THAT REGARD.

16             DO YOU UNDERSTAND THAT?

17             THE DEFENDANT:  YES, MA'AM.

18             THE COURT:  ANY QUESTIONS ABOUT THAT?

19             THE DEFENDANT:  NO, MA'AM.

20             THE COURT:  OKAY.  I WILL ADD, ALSO, AT THIS TIME

21   THAT, NOT ONLY DO I FIND THERE IS A SUFFICIENT FACTUAL BASIS TO

22   SUPPORT A GUILTY PLEA, BUT ALSO THE MANNER IN WHICH YOU HAVE

23   COMMUNICATED TO ME LEADS ME TO BELIEVE THAT YOU UNDERSTAND THE

24   NATURE OF THE PLEA THAT YOU'RE ENTERING.  AND SO I DO FIND THAT

25   YOU ARE ENTERING THIS GUILTY PLEA FREELY AND VOLUNTARILY,

1  ALTHOUGH, AGAIN, I AM NOT AT THE POINT OF ACCEPTING IT YET.

2         IS THERE ANYTHING THAT I HAVE SAID -- I KNOW WE'VE

3  DONE A LOT OF TALKING DURING THIS HEARING, ALL OF US, THE

4  ATTORNEYS AND THE COURT AS WELL.  IS THERE ANYTHING THAT YOU

5  NEED ME TO REPEAT OR CLARIFY FOR YOU?

6         THE DEFENDANT:  NO, MA'AM.

7         THE COURT:  ALL RIGHT.  WELL, THEN, I HAVE SET

8  SENTENCING IN THIS CASE FOR WEDNESDAY, JUNE 22ND, 2022, AT 9:00

9  O'CLOCK A.M.  IF -- WHAT I WOULD DO IS, I WOULD HAVE RECEIVED

10  THE PRESENTENCE INVESTIGATION REPORT BY THEN.  I WOULD HAVE

11  REVIEWED IT.  AND IF I SEE SOME PROBLEM WITH IT THAT MAKES ME

12  THINK THAT I WILL NOT GO FORWARD WITH ITS ACCEPTANCE, I WILL

13  COMMUNICATE THAT TO BOTH SIDES BEFORE WE ACTUALLY HAVE THE

14  HEARING.

15         IS THERE ANYTHING ELSE AT THIS TIME ON BEHALF OF MR.

16  JACKSON, MR. SADOW?

17         MR. SADOW:  ONE MOMENT, YOUR HONOR.

18         THE COURT:  YES, SIR.

19         (WHEREUPON, THE DEFENDANT AND COUNSEL CONFER.)

20         MR. SADOW:  YOUR HONOR?

21         THE COURT:  YES, SIR.

22         MR. SADOW:  I APPRECIATE YOUR PATIENCE.

23         THE COURT:  NOT A PROBLEM.

24         MR. SADOW:  THERE HAS BEEN A FACTUAL ISSUE FROM THE

25  GET-GO ABOUT IDENTIFYING THE DEFENDANT, THE OFFICER.

30

1          MR. SCHECHTMAN:  YOUR HONOR, I DON'T MEAN TO

2   INTERRUPT MR. SADOW, BUT IF I CAN JUST TALK TO MR. SADOW JUST

3   BRIEFLY.

4          THE COURT:  CERTAINLY.

5          (WHEREUPON, COUNSEL CONFER.)

6          THE COURT:  ALL RIGHT.  MR. SADOW?

7          MR. SADOW:  THERE HAS BEEN A DISPUTE ABOUT WHETHER OR

8   NOT THIS PARTICULAR DEFENDANT COULD BE RECOGNIZED FROM HAVING

9   BEEN AT THE FULTON COUNTY JAIL, BECAUSE HE HAD NEVER BEEN TO

10  THE FULTON COUNTY JAIL.  AND THAT'S A FACTUAL MATTER THAT HAS

11  COME UP.

12         IT IS NOT MATERIAL TO THE GUILTY PLEA.  AS I HAVE

13  OUTLINED TO THE COURT, HE IN FACT POSSESSED THE WEAPON.  THE

14  COURSE OF CIRCUMSTANCES WHICH GAVE RISE TO THE SEARCH IS A

15  DIFFERENT MATTER AND NOT BEFORE THE COURT.  BUT I WANTED THE

16  DEFENDANT --

17         THE COURT:  RECOGNIZED BY A WITNESS, AS IN

18  IDENTIFYING HIM FOR PURPOSES OF BEING CHARGED, YOU'RE SAYING?

19         MR. SADOW:  NO.  BEING IDENTIFIED AS BEING A

20  CONVICTED FELON.

21         THE COURT:  I SEE.

22         MR. SADOW:  BUT THAT'S NOT A MATTER THAT THE COURT

23  HAS TO ADDRESS NOW AND MAY NOT NEED TO ADDRESS AT ALL LATER.

24  BUT IT IS SOMETHING THAT THE DEFENDANT HAS BROUGHT UP ON A

25  NUMBER OF OCCASIONS.  AND IT'S NOT SOMETHING THAT NEEDS TO BE

1    ADDRESSED.  HE JUST WANTED IT MENTIONED IN THE RECORD.

2              THE COURT:  ALL RIGHT.  IT HAS BEEN MENTIONED.

3              QUITE HONESTLY, I'M NOT SURE THAT I FULLY UNDERSTAND

4    WHAT YOU ARE SAYING TOOK PLACE.  YOU ALL, AGAIN, KNOW MORE THAN

5    I DO.

6              SO WITH RESPECT TO WHO POSSIBLY IDENTIFIED HIM AND

7    WHETHER THEY IDENTIFIED HIM, I WILL BE HONEST.  I'M NOT CLEAR

8    EXACTLY ON WHAT YOU'RE DESCRIBING.  IT, HOWEVER, DOES NOT SOUND

9    LIKE IT WOULD AFFECT HIS GUILTY PLEA IN THIS CASE.

10             BUT IT CERTAINLY IS SOMETHING THAT IS NOTED FOR THE

11   RECORD AND THAT CAN BE DISCUSSED MORE FULLY AT SENTENCING.

12   BUT, AGAIN, I DON'T KNOW, EITHER, WITHOUT KNOWING MORE, WHETHER

13   IT WOULD EVEN AFFECT SENTENCING.

14             DO YOU UNDERSTAND THAT, MR. JACKSON?

15             THE DEFENDANT:  YES, MA'AM.

16             THE COURT:  OKAY.  BUT IT'S NOTED FOR THE RECORD.

17             MR. SADOW:  AND I'M NOT SAYING IT'S GOING TO COME UP

18   AT SENTENCING.  I'M JUST SAYING IT'S A MATTER THAT'S IN HIS

19   MIND, AND I WANTED TO PUT IT ON THE RECORD.

20             OUR POSITION, AS THE ATTORNEYS, IS THAT IT IS NOT

21   SOMETHING THAT WOULD HAVE TO BE DETERMINED OR CONSIDERED AT

22   SENTENCING.

23             THE COURT:  I MEAN, HE, HE ACKNOWLEDGES THAT HE IS A

24   FELON AND THAT HE KNEW HE WAS A FELON AT THE TIME OF THIS

25   OFFENSE.  CORRECT?

1        MR. SADOW:  CORRECT.

2        THE COURT:  OKAY.  I CAN'T IMAGINE HOW IT WOULD

3  AFFECT IT.  BUT, AGAIN, I CAN SEE THAT I'M NOT SURE EXACTLY ALL

4  OF THE FACTS THAT WE ARE TALKING ABOUT.

5        BUT IT'S DIFFICULT FOR ME TO UNDERSTAND JUST BASED ON

6  WHAT WAS JUST STATED HOW THAT WOULD AFFECT ANYTHING.  IF YOU

7  ARE A FELON AND YOU KNEW YOU WERE A FELON AT THE TIME OF THIS

8  OFFENSE, THEN, AGAIN, I FIND THAT THERE IS A FACTUAL BASIS

9  SUFFICIENT TO SUPPORT A GUILTY PLEA IN THIS CASE.

10        MR. SADOW:  THANK YOU, YOUR HONOR.

11        THE COURT:  THANK YOU.

12        IS THERE ANYTHING ELSE AT THIS TIME, MR. SADOW?

13        MR. SADOW:  NO, YOUR HONOR.

14        THE COURT:  ANYTHING ELSE ON BEHALF OF THE

15  GOVERNMENT, MR. SCHECHTMAN?

16        MR. SCHECHTMAN:  NO, YOUR HONOR.

17        THE COURT:  ALL RIGHT.  THANK YOU.

18        TO THE FAMILY, THANK YOU FOR BEING HERE.  I FULLY

19  THINK THAT IT IS IMPORTANT FOR A DEFENDANT TO HAVE SUPPORT.

20  BUT I WILL TELL YOU, THIS IS A PUBLIC COURTROOM.  YOU ARE

21  WELCOME.  YOU MAY BRING YOUR BABIES.  BUT I JUST WANT TO BE

22  HONEST WITH YOU, IT IS DIFFICULT FOR A JUDGE TO FOCUS SOMETIMES

23  WITH A BABY MAKING NOISE.  AND I CERTAINLY WANT TO GIVE MR.

24  JACKSON MY FULL ATTENTION ON THIS IMPORTANT CASE.

25        SO I JUST ASK THAT YOU PLEASE KEEP THAT IN MIND FOR

33

1    THE SENTENCING HEARING.

2              THANK YOU SO MUCH.  WE'RE ADJOURNED.

3              THE COURTROOM SECURITY OFFICER:  ALL RISE.  COURT

4    STANDS IN RECESS.

5                      (PROCEEDINGS CONCLUDED AT 3:15 P.M.)

6                          -  -  -

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

34

1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF GEORGIA

3   CERTIFICATE OF REPORTER

4

5

6       I DO HEREBY CERTIFY THAT THE FOREGOING PAGES ARE A

7   TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN DOWN BY

8   ME IN THE CASE AFORESAID.

9       THIS, THE 16TH DAY OF MAY, 2022.

10

11

12

13                              /S/ ELIZABETH G. COHN

14                              _____
                                ELIZABETH G. COHN, RMR, CRR
                                OFFICIAL COURT REPORTER

15

16

17

18

19

20

21

22

23

24

25